956 F.2d 1163
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Yahya Abdullah SABIR, Plaintiff-Appellant,
v.
James N. ROLLINS, Warden, Maryland Penitentiary; Sewall
Smith, Assistant Warden; Maryland Correctional Adjustment
Center; Maria Maximo, Food Administrator IV; James Rogers,
Correctional Dietary Officer; William Faw, Correctional
Dietary Officer; Jessie Thompson, Dietary Officer; Kevin
Richardson, Institutional Remedy Coordinator, Defendants-Appellees.
 No. 91-7342.
 United States Court of Appeals, Fourth Circuit.
 Submitted Jan. 17, 1992.
Decided March 5, 1992.
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. Frederic N. Smalkin, District Judge. (CA-90-3241-S)
 Yahya Abdullah Sabir, appellant pro se.
 John Joseph Curran, Jr., Attorney General, Stephanie J. Lane, Assistant Attorney General, Baltimore, Md., for appellees.
 D.Md.
 AFFIRMED.
 Before DONALD RUSSELL, K.K. HALL and WILKINS, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Yahya Abdullah Sabir appeals from the district court's order denying relief under 42 U.S.C. § 1983 (1988). Our review of the record and the district court's opinion discloses that this appeal is without merit. Accordingly, we affirm.* We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 2
 AFFIRMED.
 
 
 
 *
 Citing Wilson v. Seiter, 59 U.S.L.W. 4671 (U.S.1991), the district court denied relief on the grounds that the Defendants, prison officials, were not deliberately indifferent to Sabir's right to practice his religious beliefs. Sabir v. Rollins, No. CA-90-3241-S (D.Md. Nov. 1, 1991). The district court applied the incorrect standard because Seiter applies to allegations of Eighth Amendment violations and no such violations are alleged here. However, Sabir did not establish a cause of action under 42 U.S.C. § 1983 because he failed to show that Defendants significantly interfered with his constitutional rights